UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 1:13-CR-00001 |
| | ) | JUDGE KEVIN H. SHARP |
| **HOWARD GAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CONSENT ORDER OF FORFEITURE CONSISTING OF $24,000.00 MONEY JUDGMENT IN LIEU OF FORFEITURE OF REAL PROPERTY AT 680 COLONIAL ROAD, HOHENWALD, TENNESSEE

Based on the Court's finding of guilt as to Counts One and Two of the Indictment in this matter and the representations and agreements of the Government and Defendant Howard Gay, the Court finds as follows:

**WHEREAS**, on January 17, 2013, the Grand Jury returned a Three Count Indictment charging Defendant Howard Gay, in pertinent part at Count One with conspiracy to commit gambling in violation of 18 U.S.C. § 371 and at Count Two with gambling in violation of 18 U.S.C. §§ 1955(a) and 2.

**WHEREAS,** the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the conspiracy to commit gambling and gambling offenses alleged in Counts One and Two, Defendant Howard Gay shall forfeit any and all property, real or personal, obtained directly or indirectly as a result of the scheme or artifice to defraud as alleged in each count, and which constitutes or is derived from proceeds traceable to each violation.

**WHEREAS,** the forfeiture allegation of the Information gave further notice pursuant to 18 U.S.C. § 1955(d), that upon conviction of Count Two (gambling), Defendant Howard Gay shall forfeit any property, including money, used in violation of the offense. The property sought for forfeiture as to both Count One and Two includes:

    a.    **REAL PROPERTY**. The property to be forfeited includes, but is not limited to the following real property commonly known as 680 Colonial Road, Hohenwald, Tennessee, and more particularly described as:

Being and lying in the Third (3rd) Civil District of Lewis County, Tennessee, west of and adjacent to Gay Road, being a part of the Swiss Subdivision as recorded in Plat Cabinet A, Page 11 & 12, and being more particularly described as follows, to wit:

Beginning at an iron pin set on the West side of Gay Road, said iron pin being the Northwest corner of Franklin Gay as recorded in Deed Book A-4, Page 615, Register's Office of Lewis County, Tennessee, and being in the East boundary of Harold Cochran as recorded in Deed Book A-86, Page 390, Register's Office of Lewis County, Tennessee, and being the Western most Southwest corner of the tract being described; thence leaving Franklin Gay with Cochran and the original Swiss Subdivision line (generally with Gay Road) North 3 degrees 20 minutes 52 seconds East 2039.49 feet to the point of intersection of Gay Road and the center of Colonial Road, said point lying 24.87 feet from an iron pin in the North right-of-way of Colonial Road, said point being the Southeast corner of Mark Harris as recorded in Deed Book A-26, Page 489, Register's Office of Lewis County, Tennessee, and being in the remaining property of Scott C. Gay as recorded in Deed Book A-18, Page 476, Register's Office of Lewis County, Tennessee, and being the Southwest corner of Section 10 of said Swiss Subdivision, and being the Western most Northwest corner of the tract being described; thence with a new Gay division line, the South boundary of said Section 10 and generally in the North right-of-way of Colonial Road South 87 degrees 14 minutes 07 seconds East 824.28 feet to an iron pin set in the center of a 25 foot in width right-of-way easement as recorded in Deed Book A-28, page 208, Register's Office of Lewis County, Tennessee, said iron pin being the Southwest corner of Stella Stover as recorded in Deed Book A-65, Page 790, Register's Office of Lewis County, Tennessee; thence leaving said Colonial Road and right-of-way easement with Stover and said South boundary of Section 10 of the Swiss Subdivision South 87 degrees 13 minutes 18 seconds East, passing the Southeast corner of Section 10 and the

2

Southwest corner of Section 9 of said Swiss subdivision and continuing with said Section 9, in all 1337.82 feet to an iron pin set, said iron pin being the Southeast corner of Stover; thence leaving said South boundary of Section 9 with Stover North 66 degrees 20 minutes 46 seconds East 1499.49 feet to an iron pin set, said iron pin being the Northeast corner of Stover; thence continuing with Stover North 87 degrees 12 minutes 41 seconds West 822.87 feet to an iron pin set, said iron pin being in the remaining property of Scott C. Gay and in the East boundary of said Section 10 of the Swiss Subdivision; thence leaving Stover with a new Gay division line and said East boundary of Section 10 North 3 degrees 12 minutes 01 seconds East 667.50 feet to a fence post, said fence post being the Northeast corner of said Section 10 and being the Southeast corner of Terry Keathley as recorded in Deed Book A-65, Page 816, Register's Office of Lewis County, Tennessee, and being the Southwest corner of Lewis Clay as recorded in Deed Book A-28, Page 208, Register's Office of Lewis County, Tennessee, and being the Northwest corner of said Section 9 of the Swiss Subdivision, and being the Northern most Northwest corner of the tract being described; thence leaving Keathley and Section 10 with Clay and said Section 9 and a fence South 87 degrees 03 minutes 18 seconds East 1879.48 feet to an iron pin found, said iron pin being the Southeast corner of Clay (Deed Book A-28, page 208) and being in the West boundary of a second tract of Lewis Clay as recorded in Deed Book A-60, Page 56 Register's Office of Lewis County, Tennessee, and being the Northeast corner of said Section 9 and being the Northeast corner of the tract being described; thence with Clay (Deed Book A-60, Page 56) and continuing with said fence South 3 degrees 09 minutes 33 seconds West 977.54 feet to an iron pin found, said iron pin being the Southwest corner of Clay and the Northwest corner of Laura and Gary Gifford as recorded in Deed Book A-88, Page 110, Register's Office of Lewis County, Tennessee; thence leaving Clay with Laura and Gary Gifford South 2 degrees 05 minutes 26 seconds West 1349.36 feet to an iron pin found, said iron pin being the Southwest corner of Laura and Gary Gifford and the Northwest corner of Michael Gifford as recorded in Deed Book A-91, Page 152, Register's Office of Lewis County, Tennessee, and being the Northeast corner of Rudolph Hirte as recorded in Deed Book A-25, Page 259, Register's Office of Lewis County, Tennessee, and being the Eastern most Southeast corner of the tract being described; thence leaving Michael Gifford with Hirte and said continuing with said fence South 68 degrees 44 minutes 07 seconds West 1002.14 feet to a 18 inch hickory, South 71 degrees 40 minutes 36 seconds west 155.14 feet to a 6 inch black oak, South 67 degrees 17 minutes 21 seconds West 234.20 feet to an iron pin found, said iron pin being the Northwest corner of Hirte and being the Northeast corner of Cody Gay as recorded in Deed Book A-70, page 274, Register's Office of Lewis County, Tennessee; thence leaving Hirte with Cody Gay and continuing with said fence South 68 degrees 26 minutes 10 seconds West 155.85 feet to a 6 inch gum, South 68 degrees 26 minutes 10 seconds West 551.46 feet to an iron pin set, said

iron pin being the Northern most Northwest corner of Cody Gay; thence continuing with Gay and said fence South 3 degrees 03 minutes 10 seconds West 1059.03 feet to a fence post, said post being the Southern most Southeast corner of the tract being described; thence continuing with Cody Gay and said fence North 89 degrees 14 minutes 21 seconds West 422.65 feet to a painted rock corner found, said rock being the Northwest corner of Cody Gay (Deed Book A-70, page 274) and being the Northeast corner of a second tract of Cody Gay as recorded in Deed Book A-66, page 30, Register's Office of Lewis County, Tennessee; thence leaving said fence with Gay's second tract North 87 degrees 16 minutes 38 seconds West, passing an iron pin set at 447.11 feet, in all 472.11 feet to a point in the center of Gay Road, said point being the Southeast corner of Franklin Gay and being the Southernmost Southwest corner of the tract being described; thence leaving the center of said Gay Road and Cody Gay's second tract with Franklin Gay North 2 degrees 42 minutes 10 seconds East 927.20 feet to an iron pin set, said iron pin being the Northeast corner of Franklin Gay; thence continuing with Franklin Gay North 89 degrees 01 minutes 46 seconds West 441.92 feet to the point of beginning and containing 187.65 acres as surveyed by Kenneth Carroll, Tennessee License No. 1335, dated May 2000.

Assessor's Parcel Number: Map 53, Parcel 42.00

    b.    **MONEY JUDGEMENT.** A money judgment in an amount to be determined, representing the amount of gambling proceeds obtained as a result of such offense.

**WHEREAS,** the forfeiture allegation of the Indictment also gave notice to Defendant Howard Gay that the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(g), to seek forfeiture of any other property of defendant Howard Gay up to the value of said property listed above as subject to forfeiture if any of the property described above, as a result of any act or omission of the Defendant Howard Gay,

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty.

**WHEREAS**, a bench trial was held on April 10, 2014 and Defendant Howard Gay was found guilty, in pertinent part, of the violations charged in Count One with conspiracy to commit gambling in violation of 18 U.S.C. § 371 and at Count Two with gambling in violation of 18 U.S.C. §§ 1955(a) and 2.

**WHEREAS,** based on the Court's finding of guilt to Counts One and Two of the Indictment, the portion of the real property commonly known as 680 Colonial Road, Hohenwald, Tennessee that was used in the commission of Counts One and Two, is subject to forfeiture to the United States.

**WHEREAS,** the United States of America and Defendant Howard Gay agree that the monetary value of the portion of the real property commonly known as 680 Colonial Road, Hohenwald, Tennessee that was used in the commission of Counts One and Two and that is subject to forfeiture is $24,000. The parties agree that the portion of the property identified above that is subject to forfeiture is, as a result of acts or omissions of the defendant, commingled with other property which cannot be divided without difficulty, and that the money judgment will provide for the forfeiture of substitute property under 21 U.S.C. § 853(p).

**WHEREAS,** Defendant agrees to the entry of a forfeiture judgment in the form of an *in personam* money judgment against him in the amount of $24,000. Defendant further agrees to satisfy the money judgment in the following manner: by making a payment of at least $1,000 on or before the date of his sentencing and by making quarterly payments, due on or before January 1, April 1, July 1, and October 1 of each year, in an amount no less than $1,000 each, until the money judgment is satisfied.

**WHEREAS,** Defendant acknowledges that the money judgment will be filed in the Lewis County Register's office and will encumber the property identified as 680 Colonial Road, Hohenwald, Tennessee until such time as the money judgment is paid in full. Defendant agrees that, if the money judgment is not satisfied prior to any sale of any portion of 680 Colonial Road, Hohenwald, Tennessee, that funds from the sale of any portion of 680 Colonial Road, Hohenwald, Tennessee, after expenses of the sale, will be applied first to pay the money judgment immediately, and without regard to the payment schedule set forth herein.

**WHEREAS,** Defendant also understands and agrees that, if he fails to follow the foregoing schedule for payment and satisfaction of the money judgment or if he misses any payments outlined in the schedule set forth herein, he will cooperate and engage voluntarily in discovery intended to locate any substitute assets of defendant.

**WHEREAS,** the parties have agreed that the United States is entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and that any property of the defendant up to the value of the portion of the property that is subject to forfeiture ($24,000) is subject to forfeiture as substitute property.

**WHEREAS,** Defendant further agrees that, in consideration for the United States not filing a civil forfeiture action against the property – except as set out above – that defendant will not contest or appeal this forfeiture in any manner even if his conviction in support of this forfeiture is set aside. Defendant agrees to waive all appellate rights concerning the entry of the money judgment and all matters related thereto.

Now, therefore, based upon the Court's finding of guilt as to Counts One and Two of the Indictment in this matter and the representations and agreements of the Government and Defendant Howard Gay, this Court makes the following findings:

1.	There is a preponderance of the evidence that the monetary value of the portion of the real property commonly known as 680 Colonial Road, Hohenwald, Tennessee that is subject to forfeiture is $24,000.

2.	$24,000 is subject to forfeiture because this amount represents the monetary value of the portion of the real property commonly known as 680 Colonial Road, Hohenwald, Tennessee and fully described above that was used in violation of 18 U.S.C. §§ 1955(a) and 2 (gambling) and of 18 U.S.C. § 371 (conspiracy).

3.	As a result of Defendant Howard Gay's act(s) or omission(s), the $24,000 has been commingled with other property which cannot be divided without difficulty, and therefore this money judgment will provide for the forfeiture of substitute property under 21 U.S.C. § 853(p).

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A.	An Order of Forfeiture Consisting of Money Judgments in the amount of $24,000 ("Order of Forfeiture") is hereby taken against Defendant Howard Gay as to Count One and Count Two.  Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendant, by his consent, and shall be made part of the sentence and included in the judgment.  Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B.	Defendant shall satisfy the money judgment in the following manner: by making a payment of at least $1,000 on or before the date of his sentencing, which is currently set for August 8, 2014 and by making quarterly payments, due on or before January 1, April 1, July 1,

and October 1 of each year, in an amount no less than $1,000 each, until the Order of Forfeiture has been satisfied.

  C. It is Ordered that if Defendant Howard Gay fails to follow the foregoing schedule for payment and satisfaction of the Order of Forfeiture or if he misses any payments outlined in the schedule set forth herein, he will cooperate and engage voluntarily in discovery intended to locate any substitute assets of defendant. In such case, the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $24,000 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

  D. It is Ordered that if Defendant Howard Gay fails to follow the foregoing schedule for payment and satisfaction of the Order of Forfeiture or if he misses any payments outlined in the schedule set forth herein, the United States may foreclose on the property to obtain the remaining amount.

  E. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $24,000 Money Judgments as to Counts One and Two to include substitute property having a value not to exceed in total $24,000 United States currency to satisfy the Money Judgments in whole or in part.

  F. It is Ordered that upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgments as to both money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

G. It is Ordered that insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $24,000 plus statutory interest is made in full as to either money judgment.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this ____2nd day of September, 2016.

_____
KEVIN H. SHARP
United States District Judge